IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMIE SPEAKS                                                                                    PLAINTIFF

    v.                    Civil No. 2:20-cv-02031-PKH-MEF

ANDREW M. SAUL, Commissioner,
Social Security Administration                                                           DEFENDANT

### MEMORANDUM OPINION AND ORDER

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act. (ECF No. 29). On May 14, 2021, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $5,022.43, representing a total of 77.7 attorney hours for work performed in 2020 at an hourly rate of $202.83 and 7.00 attorney hours in 2021 at a rate of $204.62 per hour. (ECF No. 29-2). On May 28, 2021, the Commissioner filed a response voicing no objections. (ECF No. 30).

### I.     Discussion

It is the opinion of the undersigned that the Plaintiff is entitled to a fee award in this case, as he is the prevailing party, the government's decision to deny benefits was not "substantially justified," the hourly rate requested for both attorney and paralegal hours does not exceed the CPI for either year in question, and the time asserted to have been spent in the representation of the Plaintiff before the district court is reasonable. *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits); *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990) (the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour); and, *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) (in determining reasonableness, court looks at time and labor required; the difficulty of questions

involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved). Accordingly, Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $5,022.43.

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff; however, as a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties are reminded that, in order to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

## II.   Conclusion

Based upon the foregoing, Plaintiff is awarded the sum of **$5,022.43** for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this 9th day of June 2021.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
CHIEF UNITED STATES MAGISTRATE JUDGE